JUDGE HARDIN
delivered the opinion oe the court.
This action was founded on a bond given by the appellants to indemnify the sheriff of Spencer County in levying upon *172 and selling eight barrels of whisky, as the property of J. F. Watson, to satisfy an execution against him and one of the appellants as his surety, and under which six barrels of the whisky were sold, the appellee claiming to be the owner of the whisky by a purchase from Watson while it was held in bond and under the control of the officers of the Federal Government as security for taxes due thereon, and not subject to levy and sale by the sheriff.
The bill of exceptions in the record contains the following written agreement, which was produced on the trial by the plaintiff as evidence of his purchase of the whisky:
“ On or before the 1st day of May next I promise to furnish John M. Hoaglan eight barrels of whisky, for which I have received payment in full, this 4th of April, 1870.
“J. F. Watson.”
It appears that Watson, who was a licensed distiller, had the whisky manufactured by him stored together in barrels in a government warehouse, and did not set apart, separate, or attempt to transfer by actual delivery any particular eight barrels of whisky as that embraced by said contract; but having also contracted with Samuel Shields for the sale to him of twelve -barrels of the whisky in bond, Shields, in accordance with an arrangement with the appellee, caused twenty barrels of said whisky to be released from the lien and custody of the government by paying the taxes due thereon, and obtaining stamps from the collector for identifying the barrels in his own name; and having thus caused the barrels to be stamped and removed from the warehouse, and taken twelve of the barrels as his own, the sheriff seized the remaining eight barrels and sold them under his levy as aforesaid.
In passing on the instructions asked the court ruled, in substance and effect, that the contract as proved, if made in good faith, was sufficient to transfer the title to the whisky in *173 bond; and if this was done before the payment of the taxes by Shields, the execution created no lien on the whisky, and the levy and sale were wrongful, and the appellants were liable on their bond. The plaintiff having recovered a verdict and judgment, the defendants have appealed to this court.
Conceding the principle to be correct, that until the removal of the lien of the government for taxes on the whisky it was not liable to levy under the execution, and no execution lien could therefore attach (Harris v. Dennie, 3 Peters, 292), we are of the opinion nevertheless that if the title to these eight particular barrels of whisky remained in Watson at the time Shields paid off. the claim of the government and released the lien for taxes, the execution in the hands of the sheriff then operated to create a lien on the whisky as the property of Watson.
An essential question therefore is whether the contract as expressed in writing was sufficient to pass title to the appellee in eight barrels of Watson’s whisky in bond, and had that effect, or only amounted to a covenant to furnish and deliver at a future time that number of barrels of whisky. The latter is our construction of the contract. (Brown, &c. v. Childs, &c., 2 Duvall, 314.) And there having been no delivery or even designation of the barrels the appellee should receive when the execution lien attached, it results that the action of the court was erroneous, and a new trial should have been granted.
Wherefore the judgment is reversed, and the cause remanded for a new trial and proceedings not inconsistent with this opinion.