R. B. GRAVES *v.* JOHN McKINNEY, ET AL.

**Sale of Personal Property.**

To vest the legal title to personal property in the vendee, the thing bought must be set apart from other property of a like kind belonging to the vendor, so that the vendee can identify and take possession of his property.

**Right of Creditors.**

Where the law declares a purchase of personal property void because no delivery of property, such a purchaser can acquire by such purchaser no equity as against the vendor's creditors.

APPEAL FROM CLARK COURT OF COMMON PLEAS.

February 7, 1879.

OPINION BY JUDGE ELLIOTT:

On the 9th of November, 1876, John McKinney purchased of S. C. and C. C. Graves a thousand barrels of corn at $1.25 per barrel. The corn had been severed from the soil and was in shocks on the field where grown, and it was agreed that against the 1st of January, 1877, some average shocks were to be weighed, and by such average weight enough shocks were to be set apart to McKinney to make his thousand barrels of corn.

Before this had been done the appellant brought suit and sued out an attachment, and had it levied on the corn that McKinney had contracted for, and for which he had executed a negotiable note which he afterwards paid. McKinney, by petition, became a party to appellant's suit and claimed the corn, and on hearing the court adjudged in his favor, and hence this appeal.

We are of opinion that the title to the corn did not pass to McKinney by his contract of the 9th of November, 1876. He did not purchase any designated thousand barrels of corn, but he bought a thousand barrels of corn to be afterward separated from other corn then standing in the shock in the vendor's field, and to be measured or weighed to him in the future.

It is a well-settled rule of law that to vest the legal title to personal property in the vendee the thing purchased must be set apart from other property of the like kind belonging to the vendor, so that the vendee can identify and take possession of his property, and therefore whenever there is anything to be done by the vendor before the vendee can take possession, such as separating the goods from his other goods of like kind, the title does not pass.

Therefore, as the corn which McKinney contracted for was standing in the field with other corn of the vendor's and was afterward to be separated from such corn and delivered to him, no title passed to him till the corn was weighed in the shocks, averaged and set apart to him according to the written contract.

It is, however, said that appellant brought his suit in a court of equity, and as McKinney had contracted for a thousand barrels of the corn which appellant afterward attached, and as McKinney had paid his money for the corn, his claim in a court of equity is superior to that of appellant. We are of a different opinion, for unless the possession of the corn accompanied McKinney's purchase of it, then the sale as to creditors and subsequent purchasers is absolutely void, and we cannot see how the vendee can acquire any equity against a

creditor, when as to such creditor the law declares his purchase a nullity. That is working out an equity by a violation of the law, and equities are never worked out in that way.

The corn for which McKinney had contracted had been severed from the ground and soil and was in the shock on the field of S. C. and C. C. Graves. In this field were twelve or thirteen hundred barrels of corn, and appellee, McKinney, was to have a thousand barrels of this corn, to be afterward weighed and separated from the unsold corn, and therefore until weighing and separation the vendors and vendee could not know what corn belonged to the vendee and what corn remained to the vendors, and if before such weighing and separation McKinney had sued his vendors in claim and delivery for the corn so purchased he could not have recovered, for the reason that no title passes till the corn contracted for had been identified by being separated from the other corn according to the written contract of purchase.

The evidence is ample that S. C. and C. C. Graves had been, and were at the time of the suing out of appellant's attachment, disposing of their property in fraud of the rights of their creditors. At the time of the levy of the appellant's attachment the legal title to the corn was in his debtors, S. C. and C. C. Graves, and as McKinney had acquired neither the legal title nor been put in the actual possession of the corn for which he had contracted, he acquired no title which in law or equity can overreach the lien acquired by the attaching creditor. He did not contract for an equity in the corn, he contracted for the legal title, but as the possession did not accompany his purchase it was void as to appellant, who was an attaching creditor. To sustain these views the following authorities are referred to: *May v. Hoaglan,* 9 Bush 171; *Brown & Long v. Childs & Co.,* 2 Duv. 314; *Crawford v. Smith,* 7 Dana 59; *Newcomb, Buchanan & Co. v. Cabell,* 10 Bush 460.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*Leland & Hathaway, George B. Nelson, for appellant.*

*Haggard & Jones, for appellees.*